## THE MINEOLA.[1]

### MAGGIOLO v. THE MINEOLA.

#### (District Court, E. D. New York. November 28, 1890.)

NEGLIGENCE—PERSONAL INJURY—DAMAGES.

By admitted negligence, libelant, a sailor, 32 years old, and a sound man, earning from $12 to $20 per week, sustained a fracture of the ankle, and a rupture, which confined him to the hospital for 85 days, and permanently injured him, and incapacitated him for heavy work. Held, that he should recover $3,500.

In Admiralty. Suit to recover damages for personal injuries.
Ullo & Ruebsamen, for libelant.
Converse & Kirlin, for claimant.

BENEDICT, J. This is an action to recover damages for personal injuries done to the libelant by the falling upon him, in the hold of a ship where he was working, of bags of sugar weighing about 800 pounds. The immediate result was the breaking of his ankle, and a rupture. By reason of these injuries, he was confined in the hospital for 85 days, and for 5 months after he came out of the hospital it was difficult for him to walk by the aid of a stick. He is 32 years of age; was a sea-faring man in Italy; arrived in this country five or six months before the accident, and after his arrival he worked as a longshoreman, earning from $12 to $20 per week. In Italy, he earned about $16 per month and his board. Before the accident, he was a sound man. Since the accident, he suffers pain, and seems to be permanently incapacitated for heavy work. He has tried to do some easy work, but, so far, has failed, not being able to go up and down stairs without hanging on to something. Reputable physicians testify that the injured leg is smaller than the left, with a certain amount of stiffness and rigidity in the ankle-joint, which is permanent; that he is not able to do hard work; that he is able to use his hands, but is incapacitated from heavy work by the rupture. No

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

question is made as to the right of the libelant to recover. The liability of the ship is admitted, and the only question left to the decision of the court is as to the amount of the damages. Upon this question, the libelant referring to the case of *Miller* v. *The W. G. Hewes*, 1 Woods, 363, where $8,000 was allowed, and to the case of *The D. S. Gregory* and *The George Washington*, 2 Ben. 226, where $10,000 was allowed. If the method of determining the damages adopted in the case of *Miller* v. *The W. G. Hewes* was followed, it would give the libelant a decree for $17,240, a sum which, in my opinion, would be excessive in a case like the present. The claim of the libel is $10,000. No two cases of this character can be precisely alike, and, so far as I am able to judge from the evidence before me, the libelant's case is less severe than either of the cases referred to. I am of the opinion that an allowance of $6,500 will be just in this case. Let a decree for that amount be entered, and the costs to be taxed.